UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTIAN BACHMAN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>JAMES TESLER, *Registrar of Motor Vehicles*, )<br>*Registry of Motor Vehicles*, et al., )<br>)<br>Respondents. )<br>) | **CIVIL ACTION<br>NO. 19-40123** |

**REPORT AND RECOMMENDATION**

**September 3, 2020**

Hennessy, M.J.

*Pro se* petitioner Christian Bachman has filed a pleading styled as a petition for a writ of mandamus under 28 U.S.C. § 1641 ("Petition") [Dkt. No. 1 ("Petition")] in which he asks that this Court require Respondents the Massachusetts Registry of Motor Vehicles ("RMV") and its registrar James Tesler to "forbear their SUSPENSION OF DRIVER'S LICENSE/RIGHT TO OPERATE." [Pet. at 3]. Respondents have filed a motion under Rule 12(b)(1) and 12(b)(5) for lack of subject matter jurisdiction and insufficient service of process. For the reasons stated below, the undersigned recommends that Respondents' motion be GRANTED for lack of jurisdiction.

**I.    BACKGROUND**

The Petition is not a model of clarity, but, when considered in tandem with the docket of an underlying state court, it contains sufficient factual material from which the court may construct a factual narrative. The relevant state court case, of which the court takes judicial notice, see Berrios-Romero v. Estado Libre Asociado de Puerto Rico, 641 F.3d 24, 27 (1st Cir. 2011) (stating that "[a] decision of a sister court is a proper matter of judicial notice"), is Liberty Mutual Insurance

Co. v. Bachman, 1736CV000406 (Salem [Mass.] Dist. Ct.).[1]  For purposes of this Report and Recommendation, the Court assumes the veracity of all well-pled factual allegations.

In 2015, Petitioner was driving his mother's car when he got into an accident.  The other driver – Shu Chen – made a claim with her insurance company, Liberty Mutual Insurance Company ("Liberty Mutual").  Liberty Mutual apparently paid her claim because, in 2017, Liberty Mutual, as subrogee of Shu Chen, sued Petitioner and his mother in Salem District Court.  Liberty Mutual claimed that the accident was the fault of Petitioner and/or his mother.  The docket sheet of this case shows that Petitioner and his mother defaulted and a default judgment in the amount of $13,601.54 was entered against them on March 30, 2018.  There is no indication on the docket sheet that a notice of appeal was filed.

Apparently, the judgment was not satisfied, because, on August 29, 2019, Petitioner received a letter from the RMV that his license would be suspended indefinitely on September 30, 2019 because of an outstanding property damage claim – *i.e.*, the judgment in favor of Liberty Mutual.  The letter states that a hearing would be held fourteen days prior to the suspension date and issued Petitioner a hearing notice.  The Petition and exhibits thereto, filed in this Court on October 2, 2019, are silent concerning whether the suspension hearing was held and/or the license was suspended, although in a February 7, 2020 filing, Petitioner asks for "reinstatement" of his driver's license.  [Docket. No. 23, at 3].

Invoking principles of contract law, Petitioner argues that the property damage claim affecting his license is "fraudulent, null, void and of no legal force or effect" because he had never given "free consent" to enter into a contract with Liberty Mutual or the Salem District, and "they were never authorized to proceed from the beginning."  [Pet. ¶ 12].  Petitioner also asserts that

---

[1] The docket of Liberty Mutual Insurance Co. v. Bachman, 1736CV000406 (Salem [Mass.] Dist. Ct.) can be accessed through the web page www.masscourts.org.

"[p]ersonal jurisdiction was permanently removed from . . . LIBERTY MUTUAL and SALEM DISTRICT COURT." [Id. ¶ 13].

Respondents have moved to dismiss under Rule 12(b)(1) [Dkt. No. 6], arguing that jurisdiction does not exist because of the Commonwealth's Eleventh Amendment immunity and the Rooker-Feldman doctrine. Respondents also seek dismissal for insufficient service of process, a matter that the court will not address in light of its conclusion that jurisdiction does not exist. Petitioner has filed a motion for a completed ruling and order [Docket No. 10] and a motion to take judicial notice [Docket No. 11], both in which he argues that the court should rule in his favor.

## II.   DISCUSSION

### A.   Eleventh Amendment Immunity

Under the Eleventh Amendment to the United States Constitution, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State . . . . U.S. Const. amend. XI. The Eleventh Amendment is a "withdrawal of jurisdiction [that] effectively confers [on the States] an immunity from suit." Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc, 506 U.S. 139, 144 (1993). It is recognized as a bar to suits in federal courts against a State, its departments, agencies, and officials acting in their official capacities, unless the State has consented to suit or Congress has overridden the State's immunity. See Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997); Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985); Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hudson Sav. Bank v. Austin, 479 F.3d 102, 105-06 (1st Cir. 2007). The Eleventh Amendment "is rooted in a recognition that the States, although a union, maintain certain attributes of sovereignty, including sovereign immunity." Puerto Rico Aqueduct, 506 U.S. at 146.

Here, the Eleventh Amendment of the Commonwealth of Massachusetts prevents this court from exercising jurisdiction over Petitioner's claims against the RMV or Tesler acting in his official capacity. Petitioner has not identified, nor can the court discern any claim for relief against either Respondents for which the Commonwealth of Massachusetts has waived its immunity or Congress has overridden it.

In narrow circumstances, the Ex parte Young exception to Eleventh Amendment immunity permits a federal court to restrain a state official acting in his or her official capacity to issue injunctive relief from violating federal law. See Ex Parte Young, 209 U.S. 123, 203-04 (1908); see also Virginia Office for Protection & Advocacy v. Stewart, 563 U.S. 247, 254-55 (2011). The premise of this doctrine "rests on the premise . . . that when a federal court commands a state official to do nothing more than refrain from violating federal law, he is not the State for Sovereign immunity purposes." Virginia Office for Protection & Advocacy, 563 U.S. at 255. This doctrine "ensures that state officials do not employ the Eleventh Amendment as a means of avoiding compliance with federal law." Puerto Rico Aqueduct, 506 U.S. at 146. The Ex parte Young exception to Eleventh Amendment immunity is "narrow" and "applies only to prospective relief, does not permit judgments against state officers declaring that they violated federal law in the past, and has no application in suits against the States and their agencies." Id.

Here, the Ex parte Young doctrine does not apply because Petitioner is not seeking prospective relief. Petitioner asks the court to require Tesler to reinstate his driver's license. He does not allege an ongoing or future violation of federal law by Tesler. Instead, Petitioner claims that Tesler's wrongdoing occurred only in the past. Even though Petitioner continues to experience the effects of Tesler's alleged wrongdoing, Petitioner is not seeking any sort of prospective relief that would fall within the Ex parte Young exception to Eleventh Amendment immunity.

### B.    <u>Rooker-Feldman</u> Doctrine

Under 28 U.S.C. § 1257, the Supreme Court of the United States is the only federal court with jurisdiction to review a state court judgment.  See 28 U.S.C. § 1257; see also <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 292 (2005).  Thus, under the <u>Rooker-Feldman</u> doctrine,[1] 28 U.S.C. § 1257 prohibits a district court from exercising subject matter jurisdiction over an action brought by a party who lost in state court and who is "seeking review and rejection of that judgment" by a lower federal court.  <u>Exxon Mobile</u>, 544 U.S. at 291; see also <u>id.</u> at 292 ("The <u>Rooker–Feldman</u> doctrine merely recognizes that 28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments, which Congress has reserved to this Court, see § 1257(a)." (quoting <u>Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.</u>, 535 U.S. 635, 644 n.3 (2002))).  To the extent a litigant seeks federal judicial review of a state court decision, "the proper forum . . . is the United States Supreme Court, on appeal of the highest state court's final judgment."  <u>Davison v. Gov't of Puerto Rico-Puerto Rico Firefighters Corps.</u>, 471 F.3d 220, 223 (1st Cir. 2006).

Here, the <u>Rooker-Feldman</u> doctrine prevents the court from exercising jurisdiction over this action.  Although Petitioner names Tesler and the RMV as respondents, his claims are essentially an attack on the validity of the state court judgment against him in favor of Liberty Mutual.  The only basis for his claim that his license was wrongfully revoked appears to be that the state court judgment against him was fraudulent.  Based on Petitioner's theory of liability, the court would be required to review and reject that the state court judgment to justify the

---

[1] The term "<u>Rooker-Feldman</u> doctrine" is shorthand reference to the Supreme Court's interpretation of 28 U.S.C. § 1257 in <u>District of Columbia Ct. of Appeals v. Feldman</u>, 460 U.S. 462 (1983) and <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923).

5

reinstatement of Petitioner's driver's license.  A federal district court is without jurisdiction to do so.

## CONCLUSION

For the reasons set forth above, I recommend that Respondents' motion to dismiss [Dkt. No. 6] be GRANTED insofar as Respondents move to dismiss for lack of jurisdiction.  In light of that recommendation, I also recommend that the question of sufficiency of service not be addressed by the Court because it is moot.  I further recommend that Petitioner's pending motions [Dkt. Nos. 10, 11] be DENIED at moot, and that this action be DISMISSED.[2]

                                           /s/ David H. Hennessy
                                           David H. Hennessy
                                           U.S. Magistrate Judge

---

[2] The parties are notified that any party who objects to these proposed findings and recommendations must file a written objection thereto within fourteen days of service of this Report and Recommendation. The written objections must identify with specificity the portions of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections.  See Fed. R. Civ. P. 72(b)(2). The United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See, e.g., United States v. Diaz-Rosado, 857 F.3d 89, 94 (1st Cir. 2017); United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Keating v. Sec'y of Health & Hum. Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980); see also Thomas v. Arn, 474 U.S. 140 (1985).